IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 2009-CV-00412-CMA-KLM

DONNA M. DEES,

      Plaintiff,

v.

CITY OF FORT COLLINS,

      Defendant.

---

## PROTECTIVE ORDER

---

      This matter is before the Court upon the parties' Joint Stipulated Motion for Protective Order.  That motion seeks to preserve the confidentiality and privacy of documents and other information to be exchanged between the parties pursuant to their respective discovery efforts in the above-captioned action.  The Court, being fully advised and for good cause, hereby grants the parties' stipulated motion and **ORDERS** as follows:

      1.    Both parties contemplate seeking and exchanging Confidential Information (as defined below in Paragraph 2) from and between each other in this action, as part of their respective discovery efforts. The disclosure of such Confidential Information outside the scope of this litigation or to unauthorized third persons would or could result in significant injury to the plaintiff's or the defendant's personal privacy or business interests, or to the interests of third parties whose personal privacy or business interests

would be revealed or impaired in the event of an unauthorized disclosure of such Confidential Information.

2.     "Confidential Information" means any document, file, record, transcribed testimony or recording, photograph, or other tangible thing, either in whole or in part, and any response to a discovery request, including any extract, abstract, chart, summary, note, or copy made from such materials, containing information that is confidential, implicates common law or statutory or constitutional privilege, or a privacy interest, and that is designated by one of the parties in this action in the manner provided in Paragraph 3 below as containing Confidential Information, including, but not limited to, the following:

a)     One or more of the parties' or their representative's employment personnel file.

b)     One or more of the parties' medical records, including mental health records.

c)     The parties' tax or personal financial records.

d)     Transcribed deposition or other witness testimony disclosing Confidential Information.

3.     Where Confidential Information is produced, exchanged, provided or otherwise disclosed by one party in response to any discovery request by the other party, it shall be designated as Confidential Information in the following manner:

a)     By imprinting or stamping the word "Confidential" on the first page or cover of any document, record or thing produced;

2

b)   By imprinting or stamping the word "Confidential" next to or
above any response to a discovery request; and

c)   With respect to any transcribed testimony, by giving written
notice to opposing counsel designating such testimony, or
portions thereof, as "Confidential" no later than ten (10)
calendar days after receipt of the transcribed testimony.

4.   All Confidential Information provided by any of the parties in response to a
discovery request, or transcribed testimony designated as such, shall be subject to the
following restrictions:

a)   It shall be used only in and for the purpose of this litigation
and not for any other purpose whatsoever, personal,
business or otherwise.

b)   It shall not be communicated, transmitted or disclosed by
any party, or any party's legal counsel, representative or
agent, either directly or indirectly, to anyone except for the
purpose of litigating this case.

5.   Individuals authorized to access or review Confidential Information
pursuant to this Stipulated Protective Order, including, but not limited to, the above-
captioned parties and their undersigned counsel, support staff utilized by counsel, and
consultants and witnesses, shall hold all Confidential Information in confidence and
shall not disclose Confidential Information either verbally, in writing, electronically, or
otherwise, to any person, entity or agency not authorized to have access to the same,

except as provided in this Order or as otherwise authorized by the Court. Third parties engaged by counsel or the parties, and witnesses, must review and sign a copy of the Confidentiality Acknowledgment specified in Paragraph 6 below prior to reviewing material subject to this Stipulated Protective Order.

6.     Legal counsel for the parties who disclose Confidential Information shall be responsible for assuring compliance with the terms of this Stipulated Protective Order and ensuring that persons to whom Confidential Information is disclosed shall be fully informed in writing regarding the contents and limitations set forth in this Order, and shall maintain a list or other written record of all persons to whom any Confidential Information is disclosed. Counsel shall utilize the written form of Confidentiality Acknowledgment appended hereto as Attachment A in implementing the provisions of this Paragraph 6. Notwithstanding the foregoing and their obligations to maintain the confidentiality of all Confidential Information identified under the terms of this Order, the parties, their legal counsel and support staff, and stenographic reporters, need not execute a Written Acknowledgment as provided for herein, nor shall any list otherwise required by this order pertain to such persons.

7.     While this action is pending, legal counsel for one party may, upon agreement, inspect the list or other record maintained by other counsel as required in Paragraph 6 upon a showing of substantial need, such as to establish the source of an unauthorized disclosure of Confidential Information. In the event counsel are unable to agree upon the disclosure of the list or record, then the party seeking access to the list or record may apply to the Court for an appropriate order.

4

8.      No copies of Confidential Information shall be made except by or on behalf of legal counsel for attorney work product purposes in litigating this case, including for review by experts or other witnesses, or for use as exhibits with respect to dispositive or other motions submitted in accordance with D.C.COLO.LCivR 7.2. Copies shall only be made and used for purposes of this litigation and no other.

9.      Counsel for each party shall retain custody of Confidential Information and all copies thereof as allowed in Paragraph 8 during the course of the litigation, except that copies of confidential information may be shown to and held by support staff, consultants, witnesses and other persons authorized to see or have access to the information during the course of this litigation and under the provisions of this Order.  If a party shows or allows confidential information to be held by outside consultants or witnesses in accordance with Paragraph 6, that party is responsible for the return of such information at or before the conclusion of the litigation.

10.     Any party may object to the designation by the other of a document, record, file or other information as Confidential Information by providing written notice to the party making such designation. The written notice shall specifically identify the document or other information to which objection is made. If the parties are unable to resolve the objection within ten (10) business days after notice of the same is received by the designating party, it shall be the burden of the party designating the document or other information as Confidential Information to apply by appropriate motion to the Court at the expiration of such ten days for a determination on whether the information should be designated as Confidential Information and subject to the terms of this order. If

application by motion is made to the Court, the disputed information shall be treated as Confidential Information until the Court rules on the motion. If the party designating contested information as Confidential Information fails to timely file a motion as provided for herein, then the disputed information shall not be deemed Confidential Information and shall not be subject to the confidentiality requirements contained in this Stipulated Protective Order. In any proceeding challenging the designation of a document or other information as confidential, the party seeking such designation shall have the burden of establishing the confidential nature of the same.

11.     D.C.COLO.LCivR 7.2 and 7.3 shall govern the submission of any Confidential Information, or contested Confidential Information, to the Court for any purpose.

12.     The parties agree that the terms and conditions of this Stipulated Protective Order shall survive the termination of this action and that they, their counsel, and other persons provided Confidential Information shall not be relieved of the confidentiality obligations imposed by this Order, and that the Court shall maintain continuing jurisdiction after the conclusion of the case to enforce the terms thereof. Any person in possession of Confidential Information at the conclusion of this action shall, after the final resolution of all appeals, or the expiration of the time for the filing of the same, return such information to the party or other source from which it was obtained or destroy all such information; except that legal counsel may retain a single set of all Confidential Information for a period not longer than three years from the final conclusion of the litigation, after which time all retained Confidential Information shall be

returned to the source from which it was obtained, or destroyed. To any extent that any such records are destroyed rather than being returned to their source, counsel responsible for arranging such destruction shall certify, in writing, that such destruction was accomplished and that all opposing counsel were notified in writing of such destruction.

13.     By stipulating to entry of this Order, the parties do not intend and shall not be construed to waive or adopt any position with regard to the authenticity, relevancy, or admissibility of any document or other information subject to, produced, or disclosed under the terms of this Stipulated Protective Order, nor shall it be construed as or used to assert a waiver by any party that a particular document, record or other piece of information is properly discoverable.

14.     Nothing in this Order shall relieve any party or legal counsel from their obligations under Fed.R.Civ.R. 26 (b) (5), or from filing a motion as it may deem appropriate or necessary from time to time seeking additional or different protection from the Court under Fed.R.Civ.R. 26 (c) respecting any confidential or other information.

Entered on this __14TH__ day of __May__ 2009.

BY THE COURT

Christine M. Arguello   Kristen L. Mix
United States District Court Judge
Magistrate

7