IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Civil Action No. 09-cv-00412-CMA-KLM

DONNA M. DEES,

    Plaintiff,

v.

CITY OF FORT COLLINS,

    Defendant.
_____

**ORDER DENYING PLAINTIFF'S RENEWED MOTION FOR
RECONSIDERATION OF ORDER DENYING PLAINTIFF'S MOTIONS
FOR LEAVE TO FILE UNDER SEAL (Doc. # 69) AND ORDER REGARDING
SEALING OF CERTAIN DOCUMENTS (Doc. # 78)**
_____

This matter is before the Court on Plaintiff's Renewed Motion for Reconsideration of Order Denying Plaintiff's Motions for Leave to File Under Seal (Doc. # 69) and Order Regarding Sealing of Certain Documents (Doc. #78). (Doc. # 87.) For the following reasons, Plaintiff's Motion is DENIED.

## I. BACKGROUND

On March 10, 2010, the Court issued an Order granting in part and denying in part Plaintiff's Unopposed Motions for Leave to File Under Seal (Doc. ## 61 and 65). (Doc. # 69.) In pertinent part, Plaintiff sought leave to file under seal exhibits to her Motion for Partial Summary Judgment and her Response brief, with accompanying exhibits, to Defendant's Motion for Summary Judgment. Plaintiff contended that the various documents "contain confidential details about private employment and

personnel matters, including testimony revealing intimate personal details." Plaintiff further stated, "[t]he parties have agreed based upon the Stipulated Protective Order[1] to keep those matters confidential. There is no public interest in the sensitive and personal employment information and history of Donna Dees." (Doc. # 65 at 1; *see also* Doc. # 61 at 1.) The Court denied Plaintiff's Motions to the extent they related to documents that do not contain any confidential information on their face, such as portions of Defendant's personnel policies and procedures and portions of deposition transcripts. Plaintiff's Motions were also denied due to her failure to provide valuable guidance to the Court regarding the confidential and sensitive nature of 54 exhibits and several lengthy deposition transcripts.

## II. PLAINTIFF'S LATEST REQUEST TO FILE UNDER SEAL

Mindful of the deficiencies in her prior Motions to Seal, Plaintiff has filed the instant Renewed Motion for Reconsideration. (Doc. # 87.) Though the instant motion provides some guidance to the Court as to the confidential and sensitive nature of the aforementioned exhibits and deposition transcripts, the guidance contains broadly-applied, cursory labels (*e.g.*, "confidential health history of [Plaintiff]," "private employee performance appraisals," and "private employee information"). Moreover, these labels accompany a laundry list of no less than 92 line-items of exhibits or deposition passages that purportedly warrant filing under seal.

---

[1] As set forth in the Protective Order, Confidential Information includes, but is not limited to: (a) one or more of the parties' or their representative's employment personnel file; (b) one or more of the parties' medical records, including mental health records; (c) the parties' tax or personal financial records; (d) Transcribed deposition of other witness testimony disclosing Confidential Information. (Doc. # 12-3 at 2.)

After a several-hour review of Plaintiff's laundry list, and comparing the cited exhibits to the Amended Complaint (Doc. # 1-6[2]), the Court finds that Plaintiff still has not met the standards for filing documents under seal, as discussed in *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598-602 (1978) and further discussed in *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cr. 2007). A party seeking to file under seal bears the burden of overcoming the presumption of public access to judicial records; the party must show that some *significant* interest outweighs the presumption. *Mann*, 477 F.3d 1140, 1149 (10th Cir. 2007) (finding that the plaintiff's privacy concern was not "sufficiently critical" to overcome the presumption of public access). In *Mann*, the Tenth Circuit affirmed the trial court's denial of request to seal the complaint, even in light of personal information contained therein, such as detailed information about an ongoing family dispute and a family member's battle with Alzheimer's. In rendering its decision, the Tenth Circuit noted, but was not wholly reliant upon, the fact that the purportedly confidential information was disclosed previously in public probate court proceedings.

In the instant case, Plaintiff appears to ask the Court to seal all references to, and testimony about, Plaintiff's physical, psychological, and emotional wherewithal and her (in)abilities to perform her job. However, analogous to *Mann*, Plaintiff disclosed and put in issue these purportedly sensitive matters in her Amended Complaint, which was

---

[2] The docket numbering for all exhibits matches the numbering Plaintiff used in her Motion, and does not reflect the docket numbering used in the updated CM/ECF docketing system. In the new system, the Amended Complaint is numbered Doc. # 1-5, but will be referred to as Doc. # 1-6 in the Order. All other exhibits have been similarly re-numbered by the updated system.

3

not filed under seal with this Court or with the state court. (*See* Doc. #1-6). In pertinent part, Plaintiff alleges that:

- She reasonably expected and anticipated that Defendant would "continue to accommodate her health problems and vulnerabilities";

- She had "prior health issues and vulnerabilities that were known to, accepted by, and accommodated by" Defendant;

- "Following the injuries of January 19, 2006 [sic] Donna Dees required specific evaluations, therapy, and surgery";

- Plaintiff "underwent open rotator cuff surgery for her left shoulder, and she thereafter pursued needed care, treatment, and therapy for her conditions.";

- Plaintiff seeks damages for "emotional distress, aggravation of post traumatic stress disorder, loss of enjoyment of life . . . shame, humiliation, embarrassment, worry, and other suffering".

(*Id.* at 5, 6, and 11). Further, in only three apparent instances does the subject testimony concern the actual *content of documents* the Court has previously agreed to seal, or that are subject to the Protective Order, such as Plaintiff's performance appraisal or a memorandum concerning Plaintiff's termination, as opposed to people's opinions of Plaintiff's job performance. (*See* Doc. # 87 at 4, reference to Ex. 34 (Doc. # 62-8) at p. 112; Doc. # 87 at 7, reference to Ex. 37 (Doc. # 67-37) at pp. 180-183; *id.*, reference to Ex. 40 (Doc. # 67-40 and # 67-41) at pp. 149).

Plaintiff also asks the Court to seal references to, and testimony about, the reasons for other employees' termination and whether her termination was motivated by instances of nepotism. (*See* Doc. # 87 at 6, reference to Ex. 36 (Doc. # 67-36) at pp. 63-66; *id.* at 8, reference to Ex. 40 (Doc. # 67-41) at pp. 429, 433). However,

Plaintiff also raised these purportedly sensitive matters in her unsealed Amended Complaint. (*See* Doc. #1-6, ¶¶ 68, 69, references to "nepotism," "ageism," and "conflicts of interest" in connection with Plaintiff's termination).

Therefore, based on the foregoing, the Court finds that Plaintiff's Renewed Motion (Doc. # 87) remains deficient. Having been reminded of her burden to show that some *significant* interest outweighs the presumption of public access, Plaintiff is invited to re-file her Motion. The Court anticipates that any such revised motion will be far more narrowly-tailored in its request and that the character and/or nature of the subject documents or testimony will be properly-identified.

Accordingly, IT IS ORDERED THAT Plaintiff's Renewed Motion for Reconsideration of Order Denying Plaintiff's Motions for Leave to File Under Seal (Doc. # 69) and Order Regarding Sealing of Certain Documents (Doc. # 78) (Doc. # 87) is DENIED.

IT IS FURTHER ORDERED THAT, in light of the aforementioned criteria and precedent, should Plaintiff maintain that filing under seal remains necessary, Plaintiff shall submit any revised motion to seal by no later than April 7, 2010, and said motion shall comply with the directives set forth in this Order.

DATED: April   20  , 2010

BY THE COURT:

*Christine M. Arguello*

CHRISTINE M. ARGUELLO
United States District Judge